UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:24-cv-12891-WGY

MICHAEL PICARD,

    Plaintiff,

v.

STEPHEN J. RIDGE,

    Defendant.

### DETECTIVE STEPHEN J. RIDGE'S MOTION TO DISMISS PLAINTIFF MICHAEL PICARD'S COMPLAINT

Detective Stephen J. Ridge hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint of plaintiff Michael Picard ("Mr. Picard") in the above-captioned matter. The grounds for the motion, which are incorporated by reference herein in their entirety, are set forth in the accompanying memorandum of law. Briefly stated, however, Det. Ridge is entitled to dismissal of the complaint for the following reasons:

*First*, Mr. Picard's claim for First Amendment retaliation fails because the alleged facts establish that Det. Ridge had probable cause to arrest Mr. Picard for disturbing the peace or disorderly conduct. He thus had probable cause to take the lesser course of action and instead seize the megaphone. Furthermore, Mr. Picard does not allege sufficient facts to prove that the content of his speech was a substantial or motivating factor in Det. Ridge's decision to seize the megaphone. "Disobeying police orders connected to public safety while using a megaphone in a manner that cultivates fear and anger in a large crowd is not conduct protected by the First Amendment." *Relf v. Pender*, 2023 WL 349849, at *5 (D. Mass. Jan. 20, 2023).

*Second*, Mr. Picard's claim that the taking of the megaphone was an unreasonable seizure under the Fourth Amendment fails because Det. Ridge had probable cause and there were exigent circumstances that did not require a warrant. Mr. Picard disturbed the peace and engaged in disorderly conduct using the megaphone in plain view. The allegations of the complaint are very similar to the facts of *Commonwealth v. Marcavage*, 76 Mass. App. Ct. 34 (2009), where a conviction for disorderly conduct and seizure of a megaphone were upheld where a street evangelist refused to stop using the megaphone to aggressively proselytize during Halloween celebrations in Salem.

*Third*, Mr. Picard's Fourteenth Amendment due process claim fails. There is no substantive due process claim because the Fourth Amendment encompasses his rights with respect to seizures of property. With respect to procedural due process, the Massachusetts Supreme Judicial Court has held that the law of disturbing the peace does not violate the Due Process Clause of the Fourteenth Amendment. Mr. Picard alleges that he believed the megaphone to be destroyed, so he has not availed himself of any process for return of the megaphone.

*Fourth*, to the extent that the Court determines that there was a constitutional violation, Det. Ridge is entitled to qualified immunity. That Det. Ridge's seizure of the megaphone under the circumstances described in Mr. Picard's complaint was a constitutional violation was not clearly established at the time of the seizure under any of the three theories of liability.

**WHEREFORE**, Det. Ridge respectfully requests that this Honorable Court grant his motion, dismiss all of the claims of Mr. Picard's complaint, and grant such other and further relief as it deems just and proper.

                                                Respectfully submitted,

                                                **STEPHEN J. RIDGE,**
                                                By his attorney:

                                                ADAM CEDERBAUM
                                                Corporation Counsel


                                                /s/ Edward F. Whitesell, Jr.
                                                Edward F. Whitesell, Jr. (BBO#644331)
                                                Senior Assistant Corporation Counsel
                                                City of Boston Law Department
                                                City Hall, Room 615
                                                Boston, MA  02201
                                                (617) 635-4045
                                                edward.whitesell@boston.gov

Dated:  January 28, 2025


### Certificate of Compliance with Local Rule 7.1(a)(2)

I, Edward F. Whitesell, Jr., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties conferred by telephone on January 24, 2025 and attempted in good faith to resolve or narrow the issues raised by this motion but were unable to do so.

                                                /s/ Edward F. Whitesell, Jr.
                                                Edward F. Whitesell, Jr.


### Certificate of Service

I, Edward F. Whitesell, Jr., hereby certify that on January 28, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.

                                                /s/ Edward F. Whitesell, Jr.
                                                Edward F. Whitesell, Jr.