UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:24-cv-12891-WGY

MICHAEL PICARD,

        Plaintiff,

v.

STEPHEN J. RIDGE,

        Defendant.

**DETECTIVE STEPHEN J. RIDGE'S ANSWER TO COMPLAINT
AND JURY DEMAND**

**ANSWER**

Detective Stephen J. Ridge answers the complaint (the "Complaint") of plaintiff Michael Picard ("Plaintiff") as follows:

**Introduction**

1. This paragraph is introductory in nature and therefore no response from Det. Ridge is required. To the extent that a response is required, Det. Ridge admits that he told Plaintiff he was inciting a riot, but otherwise denies the allegations contained in this paragraph.

**Jurisdiction and Venue**

2. This paragraph contains legal conclusions to which no response is required. Det. Ridge does not challenge the District Court's jurisdiction.

3. This paragraph contains legal conclusions to which no response is required. Det. Ridge does not challenge that the District Court is a proper venue.

### Parties

5. [sic] Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph.

6. Det. Ridge admits that he is employed by the City of Boston (the "City") and that the Boston Police Department ("BPD") is the department of the City at which he is employed and rated as a Detective.

### Facts

7. Det. Ridge admits that an anti-abortion rally and march was held on Saturday, November 16, 2024 on Commonwealth Ave. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph.

8. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph.

9. Det. Ridge admits that Plaintiff was present. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph regarding Plaintiff's purpose in attending.

10. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph.

11. Det. Ridge admits that when he witnessed him, Plaintiff was dressed as described in this paragraph and was using a megaphone. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph regarding any specific statements Plaintiff made through the megaphone during the portion of the rally and march that occurred prior to Kenmore Square.

12. Det. Ridge admits that during the march there was a conflict in Kenmore Square between protestors and counter protestors that brought the march to a halt. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the remaining factual allegations of this paragraph.

13. Det. Ridge admits that the conflict in Kenmore Square required the deployment of his POP unit to the scene and that BPD ordered the participants in the conflict to disperse. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the remaining factual allegations of this paragraph

14. Det. Ridge admits that BPD was eventually able to break up the conflict and separate the protestors from the counter protestors so that the march could continue. Det. Ridge denies the remaining allegations in this paragraph.

15. Det. Ridge admits that Plaintiff was using his megaphone to antagonize the protestors and counter protestors by yelling something along the lines of "if you f*ck with us, we will f*ck with you," but is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph regarding what he intended to imply by using those words. Det. Ridge denies the remaining allegations in this paragraph.

16. Det. Ridge admits that the march and protesting continued and otherwise denies the allegations of this paragraph.

17. Det. Ridge admits that he took the megaphone from Plaintiff and attempted to open a compartment to remove the battery, but was unable to do so, and otherwise denies the allegations contained in this paragraph.

18. Det. Ridge admits that he told Plaintiff he took the megaphone because he was "inciting a riot" and otherwise denies the allegations contained in this paragraph.

19. Det. Ridge admits that he did not return the megaphone during the march and that the POP unit prevented Plaintiff from immediately returning to the ranks of the anti-abortion protesters that he was satirizing. Plaintiff was allowed to continue along with the march and satirize the protestors, but without the megaphone. Det Ridge denies the remaining allegations contained in this paragraph.

20. Det. Ridge is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph.

21. Denied.

22. Denied.

### Count I – Retaliation Against Mr. Picard for His Expression

23. Det. Ridge restates and incorporates by reference its answer to the allegations contained in paragraphs 1-22 as if set forth fully herein.

24. Denied.

### Count II - Violation of Mr. Picard's Fourth Amendment Right Against Warrantless Seizure of his Property

25. Det. Ridge restates and incorporates by reference its answer to the allegations contained in paragraphs 1-24 as if set forth fully herein.

26. Det. Ridge admits that the quoted language is in the Fourth Amendment but otherwise denies the allegations in this paragraph.

27. Denied.

### Count III - Violation of Mr. Picard's Fourteenth Amendment Right to Due Process

28. Det. Ridge restates and incorporates by reference its answer to the allegations contained in paragraphs 1-27 as if set forth fully herein.

29. Det. Ridge admits that the quoted language is the Due Process Clause of the Fourteenth Amendment.

30. Denied.

31. This paragraph is not an allegation but rather an assertion of Plaintiff's right to a jury trial, and thus it requires no response.

## AFFIRMATIVE DEFENSES

Further answering, Det. Ridge asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Det. Ridge at all times acted in good faith and upon reasonable belief that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

Det. Ridge is immune from suit because his actions are protected by the doctrine of qualified immunity.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Det. Ridge had probable cause.

### Fifth Affirmative Defense

Det. Ridge's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, Plaintiff cannot recover.

### Sixth Affirmative Defense

Plaintiff, by his own acts, omissions, or negligence is estopped from asserting any claims against Det. Ridge.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Eighth Affirmative Defense

Plaintiff's claims are barred because he suffered no damages.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part because he failed to mitigate his damages.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the seizure of the megaphone fell within permissible exceptions to the warrant requirement.

### Eleventh Affirmative Defense

Det. Ridge reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

**WHEREFORE**, Det. Ridge respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint, enter judgment in his favor, and grant such other and further relief as this Court deems just and proper.

### JURY DEMAND

**DET. RIDGE DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

**STEPHEN J. RIDGE,**
By his attorney:

ADAM CEDERBAUM
Corporation Counsel


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4045
edward.whitesell@boston.gov

Dated:  April 8, 2025


**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on April 8, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.