# **Exhibit 2**

Defendant's Verified Interrogatory Response

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 1:24-cv-12891-WGY

MICHAEL PICARD,
          Plaintiff**,**

v**.**

STEPHEN J. RIDGE,
          Defendant**.**

### DETECTIVE RIDGE'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, the Defendant, Detective Stephen Ridge ("Det. Ridge"), answers the first set of interrogatories propounded by plaintiff Michael Picard (the "Plaintiff") as follows.

### ANSWERS

**INTERROGATORY NO. 1:**

Identify each person and/or document you referred to in answering these interrogatories and specify the exact Interrogatory or subparts thereof that each such person or document assisted you in answering.

**ANSWER NO. 1:**

Objection. Det. Ridge objects to this interrogatory to the extent that it seeks information protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing objection, Det. Ridge states he referred to his police report (D11-D13), and Mr. Picard's YouTube video.

**INTERROGATORY NO. 2:**

Identify every person, including their address, their phone number, and their rank or job title if applicable, with whom you have discussed the above-mentioned case with, including the events

**INTERROGATORY NO. 5:**

Describe when and how you first came to be in the Public Order Platoon ("POP") unit, including your qualifications.
   a. State if November 16, 2024, was your first time being deployed with the POP unit.
   b. Identify and describe all training you received specific to being in the POP unit and whether the training is one-time or ongoing and, if ongoing, how frequent such training is.
   c. State when exactly you arrived at the scene of the protest with the POP unit on November 16, 2024 (i.e. what time or after a specific event).

**ANSWER NO. 5:**

Objection. Det. Ridge objects to this interrogatory as it is vague and ambiguous. Det. Ridge further objects to this interrogatory as it is overly broad and unduly burdensome. Additionally, Det. Ridge objects to this interrogatory to the extent that it is duplicative of one or more of Plaintiff's requests. Subject to and without waiving the foregoing objection, Det. Ridge states he became a member of the YVSF in 1996. At the time, part of the job included riot and crowd control at major events. At some point around the Democratic National Convention in 2004 those duties became formalized as the POP unit. All members of the YVSF are in POP 2.

   a. No.
   b. Det. Ridge refers to his response to Interrogatory No. 3.
   c. Det. Ridge was deployed to Kenmore Square in response to an officer in trouble call after a fight broke out between protesters.

**INTERROGATORY NO. 6:**

State the full factual basis for your belief in the following:
   a. That Mr. Picard was "inciting a riot";
   b. That you had probable cause to believe that Mr. Picard was committing the crime of disturbing the peace;
   c. That you had probable cause to believe that Mr. Picard was committing the crime of disorderly conduct;
   d. That you had probable cause to believe that Mr. Picard violated Boston city ordinance § 16-26.1, "unreasonable noise," and § 16-26.8, "Prohibition Against Loud Amplification Devices in Public Ways or Places."

**ANSWER NO. 6:**

Objection. Det. Ridge objects to this interrogatory as it is vague and ambiguous. Det. Ridge further objects to this interrogatory as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, Det. Ridge states the following:

   a. Det. Ridge believed Mr. Picard's words in combination with the volume of the megaphone were inciting counter-protesters in the wake of a violent encounter with his POP unit that led to multiple arrests.

Det. Ridge's normal shift is Monday-Friday, 9:00 AM to 5:00 PM. This was overtime that was ordered for the POP unit. Det. Ridge reported to YVSF at 9:00 AM for a 10:00 AM report to the Transportation Building in a cruiser. The POP unit staged at the Boston Common. They received a call for an officer in trouble and responded in their cruisers to Kenmore Square. The POP unit joined with uniformed personnel on scene and got into a line formation with flanks on each side. They proceeded down the street to move counter protesters out of the way. Det. Ridge's encounter with Picard happened shortly after.

**INTERROGATORY NO. 13:**

Identify and describe all additional comments made by Mr. Picard during your interaction on November 16, 2024, that you believe are "incendiary," as referenced in your police report where you state, "amongst other incendiary comments." (Bates no. D12).

**ANSWER NO. 13:**

Det. Ridge recalls Mr. Picard was yelling through the megaphone but the details of the specific statements did not register until he made the "fuck with us" comment. Det. Ridge further responds pursuant to Fed. R. Civ. P. 33(d), by referring to documents produced in this case, including the body-worn camera videos (D33-D48).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29TH DAY OF JULY, 2025.

_____
Name: Stephen J. Ridge

As to objections:

STEPHEN J. RIDGE
By his attorney:

ADAM N. CEDERBAUM
Corporation Counsel

_____/s/ Edward F. Whitesell, Jr._____
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045
edward.whitesell@boston.gov

Dated: July 29, 2025