**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:24-cv-12891-WGY**

MICHAEL PICARD,

          Plaintiff,

v.

STEPHEN J. RIDGE,

          Defendant.

## DETECTIVE STEPHEN J. RIDGE'S MOTION FOR SUMMARY JUDGMENT

Detective Stephen J. Ridge hereby moves, pursuant to Fed. R. Civ. P. 56, for summary judgment on all counts of the Second Amended Complaint of plaintiff Michael Picard asserted against him.  Mr. Picard pleaded four counts against Det. Ridge: (1) Count I for alleged First Amendment retaliation; (2) Count II for alleged unconstitutional seizure of his property under the Fourth Amendment; (3) Count III for alleged violations of the Due Process Clause of the Fourteenth Amendment; and (4) Count IV for alleged content-based discrimination under the First Amendment.  Based on the undisputed evidence, Det. Ridge is entitled to judgment as a matter of law on each of these claims.

The grounds for this motion, which are incorporated by reference herein in their entirety, are set forth in the accompanying memorandum of law and Det. Ridge's Statement of Undisputed Material Facts.  Briefly stated however, Mr. Picard's claims against Det. Ridge fail for the following reasons:

***First***, the First Amendment retaliation claim fails because Det. Ridge had probable cause to arrest Mr. Picard for disturbing the peace or disorderly conduct and thus had probable cause to

seize the instrumentality of the crime, the megaphone.  There is no evidence that retaliation for Mr. Picard's speech was a substantial or motivating factor in the seizure of the megaphone.

*Second*, the Fourth Amendment illegal seizure claim fails because Det. Ridge had probable cause and the crime occurred in plain view and under exigent circumstances that prevented Det. Ridge from first obtaining a warrant.

*Third*, the Fourteenth Amendment due process claim fails for several reasons.  There can be no substantive due process claim for a seizure of property as that claim is already covered by the Fourth Amendment.  The Massachusetts Supreme Judicial Court ruled that the applicable statute is constitutionally sound and there is no evidence that Det. Ridge knew how to return the megaphone or that Mr. Picard ever availed himself of any process other than in this lawsuit, in which the megaphone was returned.  Any short delay in its return does not constitute a violation of due process rights.

*Fourth*, the content-based restriction claim fails for two reasons: (1) the megaphone was not taken because of the content of his speech; and (2) even if it were, Mr. Picard's speech was not protected in these circumstances.

*Fifth*, Det. Ridge is entitled to qualified immunity.  Det. Ridge contends that the Massachusetts Appeals Court decision in *Commonwealth v. Marcavage* (and cases following it) makes clear that that there is no constitutional violation for the seizure of the megaphone, but in any event, it means that the law was not clearly established in this regard such that Det. Ridge would have known at the time that the seizure would be a violation of the First, Fourth or Fourteenth Amendments.

*Sixth*, Mr. Picard has suffered no actual damages, cannot recover attorneys' fees, and should not be entitled to nominal damages in these circumstances.

**WHEREFORE**, Det. Ridge respectfully request that this Honorable Court grant his motion, enter judgment in his favor dismissing all Counts of Mr. Picard's Second Amended Complaint, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

**STEPHEN J. RIDGE,**
By his attorney:

MICHAEL FIRESTONE
Corporation Counsel


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4045
Dated:  March 12, 2026                    edward.whitesell@boston.gov


### Certificate of Compliance with Local Rule 7.1(a)(2)

I, Edward F. Whitesell, Jr., hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for the parties conferred on March 11, 2026 and attempted in good faith to resolve or narrow the issues raised by this motion and were unable to do so.


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.


### Certificate of Service

I, Edward F. Whitesell, Jr., hereby certify that on March 12, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to all non-registered participants.


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.